JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9192 PA (PDx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | Zhaoyu Cui v. Ur M. Jaddou, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER

On February 6. 2024, the Court ordered plaintiff Zhaoyu Cui ("Plaintiff") to show cause in writing why his claims against defendants not be dismissed for lack of prosecution. (Docket No. 13); see also Fed. R. Civ. Proc. 4(m). The Court ordered Plaintiff to file his response to the Order to Show Cause by no later than February 13, 2024. The Court warned Plaintiff that failure to respond to the Order by that date may result in the dismissal of his complaint without further warning. Despite the expiration of his time to respond, Plaintiff has filed no response.

Plaintiff filed his Complaint on November 1, 2023. (Docket No. 1.) Under Federal Rule of Civil Procedure 4(m), service of process on each of the three defendants was due within 90 days, by January 30, 2024. Plaintiff has failed to file proof of service for any defendant, and has also failed to respond to the Court's Order.

The Court can dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. Proc. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9192 PA (PDx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | Zhaoyu Cui v. Ur M. Jaddou, et al. | | |

'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

      Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

      The third Henderson factor at least marginally favors dismissal. "[P]endency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." See Pagtalunan, 291 F.3d at 642. However, unreasonable delay creates a presumption of prejudice. See In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). The plaintiff may rebut this presumption by showing that no actual prejudice occurred or by presenting a non-frivolous excuse for the delay. In re Eisen, 31 F.3d at 1452–53 (citing Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976); Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." (citing Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980))). More than two weeks have passed since the Rule 4(m) deadline, yet Plaintiff has presented no excuse for his dilatory behavior, despite being ordered to. See Anderson, 542 F.2d at 525 ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

      The fourth and fifth Henderson factors also favor dismissal. In the Order to Show Cause, as noted above, the Court warned Plaintiff of Rule 4(m)'s requirements and that the failure to respond to the Order may result in the dismissal of the complaint. Despite this warning, Plaintiff failed to respond. Therefore, it appears that Plaintiff has abandoned his efforts to obtain judgment on the merits of those claims. Additionally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9192 PA (PDx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | Zhaoyu Cui v. Ur M. Jaddou, et al. | | |

    Thus, at least four factors weigh in favor of dismissing the claims at issue. Accordingly, as a result of Plaintiff's failure to comply with this Court's Order to Show Cause and failure to prosecute his claims, his claims are dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

    IT IS SO ORDERED.